## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Kosher Supervision Service, Inc., d/b/a
Kof-K Kosher Supervision,

        Plaintiff,

-against-

Capsule Depot LLC,

        Defendants.

Civil Action No.:

**VERIFIED COMPLAINT**

Plaintiff Kosher Supervision Service, Inc., d/b/a Kof-K Kosher Supervision. (hereinafter "Plaintiff" or "Kof-K") by and through its attorneys, Law Offices of Jan Meyer & Associates, by way of Complaint against Capsule Depot LLC (hereinafter "Defendant") for acts of trademark infringement, false designation of origin, dilution, unfair competition and deceptive trade practices, arising out of Defendant's unauthorized use of Kof-K's registered certification mark on Defendant's products and/or displays and/or websites, allege as follows:

## THE PARTIES

1. Plaintiff is a corporation formed under the laws of the State of New Jersey, having its principal place of business at 201 The Plaza Teaneck, New Jersey 07666.

2. Upon information and belief, Defendant is a limited-liability company formed under the laws of the State of Florida and maintains its principal place of business at 3236 SW 30th Avenue Dania Beach, Florida 33312

3. Upon information and belief, Defendant is in the business of manufacturing, retailing, packaging, selling and/or distributing pill capsules. Defendants market their

products through their website(s), through their sales force and through their distributors.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this dispute arises under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and (b), in that this dispute arises under the Lanham Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

5. This Court may exercise personal jurisdiction over Defendant because Defendant has distributed its products nationally, including but not limited to NEW JERSEY, through its website(s), social media and/or its network of private label purchasers and distributors. Defendants have also caused harm to Plaintiff within the State of New Jersey.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the acts and omissions forming the basis of these claims occurred within the District of New Jersey.

## FACTUAL BACKGROUND

### PLAINTIFF'S KOSHER CERTIFICATION OPERATIONS AND THE KOF-K MARK

7. Plaintiff provides kosher product certifications that are trusted and recognized throughout the world. "Kosher," the anglicized form of the Hebrew word "*kasher*" meaning 'fit' or 'proper,' is used to describe food items which Jews may, consist with Jewish religious dietary laws, consume. The market for kosher foods is vast and reaches beyond those who are of the Jewish faith. For example, many Seventh-day Adventists, vegetarians, vegans, those that are lactose-intolerant, and health-conscious consumers seek out kosher foods due to the overlap between the dietary restrictions of such consumers and of the requirements of the kosher laws and/or due to the heightened standards of quality and ingredient control

involved in the production and manufacture of kosher foods. According to several sources, the kosher consumer market was estimated in 2010 to include more than 14 million consumers.

8.     Under Plaintiff's policies, for a food product to be certified as kosher, all of the ingredients and sub-units in such food product must be kosher. Even one non-kosher ingredient in a food product can preclude the entire product from being certified as kosher. Further, for a food product to be considered and certified as kosher, it may be processed only on equipment whose kosher status has not been compromised. (Equipment previously used for the processing of non-kosher foods often requires, as a pre-requisite for kosher use, a religiously-prescribed purging through fire, hot water, or other heat medium. It is major part of the charge of a kosher certification agency, such as Plaintiff, to ensure that all equipment requiring such purging undergoes the requisite process as required by Jewish law.) In summation, certification of food products as kosher involves meticulous examination and oversight of all ingredients and processes related to such production to ensure that the products meet the standards of the kosher laws.

9.     Consumers and other purchasers are often unable to determine whether food products are kosher by simply reading the ingredient panels on the labels of food products. Food products may contain ingredients that, depending on the source of supply of such ingredients, may be either kosher or non-kosher. For example, glycerins may be either of animal (non-kosher) or vegetable (kosher) origin. Further, many ingredients contain subunits that are not detailed on the ingredient panels. For example, flavors are composed of scores of ingredients, but are typically denoted on the ingredient label with only the word "flavor" or "flavors." Furthermore, consumers or other purchasers cannot, based on an

ingredient panel or any other publicly-available means, verify the kosher status of equipment used to produce the subject product.

10.    Due to the intricacy of kosher laws and of food production and the limits on the ability of consumers and other purchasers to determine whether a food product is kosher, consumers and other purchasers rely upon the certification of kosher certification agencies, such as Plaintiff, to ascertain and advise as to products' kosher status.

11.    Plaintiff is the sole and exclusive owner of the kosher certification mark ("the Kof-K mark") consisting of a single Hebrew letter *Kof* (alternatively spelled and pronounced "*Kaf*") withe the letter 'K' in the center of the Hebrew letter. Since 1971, the Kof-K mark has been used on thousands of food and food-related products as an indicator that such products have been certified as kosher by Plaintiff. Plaintiff has spent considerable money, time and energy promoting its certification services and the Kof-K mark. The Kof-K mark is a central feature of Plaintiff's promotional efforts. The Kof-K mark has achieved a high degree of consumer recognition and has become famous throughout the world as one of the most widely recognized indicators of kosher foods. Consumers recognize the Kof-K mark as a symbol of integrity, trustworthiness and reliability.

12.    The Kof-K mark is federally registered under Registration No. 927,067 and Serial No. 389-770.  A true and correct copy of the Trademark Status and Document Retrieval (TSDR) for the Kof-K mark on the website of the United States Patent and Trademark Office, available online at

https://tsdr.uspto.gov/#caseNumber=72389770&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch (last visited February 5, 2025),  is attached hereto as **Exhibit A**.

## DEFENDANTS' UNAUTHORIZED USE OF THE KOF-K MARK

13.     On or before February 5, 2025, it was brought to the attention of Plaintiff that one or more of Defendant's products sold in the marketplace bore the Kof-K mark.  Please see images attached hereto as **Exhibit B**.

14.     Upon information and belief, Defendant produced, sold, offered for sale, distributed, and/or advertised Defendant's products in packaging and/or labels bearing the Kof-K mark.

15.     Defendant's use of the Kof-K mark on Defendant's products is not authorized by Plaintiff.

16.     Plaintiff and Defendant had never entered into a contract whereby Defendant would receive from Plaintiff certification of Defendant's products as kosher and/or permission to utilize the Kof-K mark on Defendant's products.

17.     Plaintiff never approved any of Defendant's products to be certified as kosher nor ever permitted the use of the Kof-K mark on any of Defendant's products.

18.     On or before February 5, 2025, Defendant's products bearing, without Plaintiff's authorization, the Kof-K mark were produced, available for sale or distributed to the public at large through distribution channels.

19.     At no time since Plaintiff was so informed about Defendant's said unauthorized use of the Kof-K mark has Defendant ever been granted permission to utilize the Kof-K mark on its products.

20.     Upon information and belief, Defendant knew that the Kof-K mark signified that a product had been approved by a certifying body and/or satisfied specific criteria enforced by such certifying body.

## COUNT I
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)(a)

21.     Plaintiff repeats each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

22.     Defendant uses, and have used, the Kof-K mark in commerce in connection with the production, sale, offering for sale, distribution, and/or advertising of Defendant's products.

23.     Defendant's use of the Kof-K mark was, and is, without authorization from Plaintiff.

24.     Defendant's products bear a spurious mark which is identical with, or substantially indistinguishable from, the Kof-K mark, and which is a "counterfeit mark" within the meaning of 15 U.S.C. §§ 1116(d), 1117(b), and 1117(c).

25.     Defendant's unauthorized use of the Kof-K mark has caused, and is likely to cause, confusion and/or mistake, or to cause deception as to the origin, sponsorship or approval of such goods by Kof-K, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

26.     Defendant's unauthorized use of the Kof-K mark was done with the knowledge that Defendant lacked any authority to use the Kof-K mark.

27.     Defendant's unauthorized use of the Kof-K mark is intended to deceive consumers into believing that the pertinent products are certified as kosher by Kof-K.

28.     Defendants' infringement of the Kof-K mark is an intentional, knowing and/or willful use of a counterfeit mark within the meaning of 15 U.S.C. § 1117(b)(1) and/or § 1117(c)(2).

29.     Defendant's conduct has caused substantial injury to Kof-K, as well as to those consumers who have consumed and will continue to consume Defendant's products, mistakenly believing that Plaintiff certified those products as kosher.

## COUNT II
### FALSE DESIGNATION OF ORIGIN, 15 U.S.C. 1125(a)

30.     Plaintiff repeats each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

31.     Defendant's unauthorized use in commerce of the Kof-K mark in connection with the production, sale, offering for sale, distribution, and/or advertising of products violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which has caused and is likely to cause confusion, or to cause mistake, or to cause deception as to the affiliation, connection or association of Defendant with Kof-K, or as to the origin, sponsorship or approval by Plaintiff of Defendant's products.

32.     Defendant's unauthorized use in commerce of the Kof-K mark in connection with the production, sale, offering for sale, distribution, and/or advertising of products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which misrepresents the nature, characteristics, or qualities of its products, in further violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Upon information and belief, these false designations, descriptions and representations were made by Defendant with knowledge of their falsity, and no appropriate corrective action has been initiated by Defendant to remedy the infringement or to deal with the infringing products that have been placed in commerce. Defendant has deliberately continued such false designation, description and representation (including the display of the -K mark on

its products' labels).

33.    Defendant's conduct has caused substantial injury to Plaintiff, as well as to those consumers who have consumed and will continue to consume Defendant's products believing that Plaintiff certified such products as kosher.

## COUNT III

### DILUTION OF FAMOUS MARK UNDER 43(C) OF LANHAM ACT, 15 U.S.C. 1125(C)

34.    Plaintiff repeat each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

35.    The Kof-K mark is a famous mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that the mark is distinctive, has been used for many years throughout the world and is widely recognized therein, has been widely advertised and publicized, and the Kof-K mark has not been used by any person or entity other than Plaintiff.

36.    Subsequent to the Kof-K mark becoming famous, Defendant has used the Kof-K mark in a manner that caused and continues to cause dilution of the distinctive quality of such mark.

37.    Defendant's dilutive use of the Kof-K mark has been willful.

38.    Consumers have purchased Defendant's products that bear the Kof-K mark with the mistaken belief that Plaintiff certified such products were as kosher. These consumers are likely to no longer trust the Kof-K mark and may cease to trust that mark as evidence that Plaintiff has properly certified as kosher products bearing the mark.

39.    Defendant's conduct has caused substantial injury to Kof-K as well as to those consumers who consumed and will continue to consume Defendant's products mistakenly believing that Plaintiff certified those products as kosher.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

40.     Plaintiff repeats each prior paragraph of the Complaint with the same force and effect as if set forth fully herein.

41.     By the wrongful actions described above, Defendant has violated and infringed upon Plaintiff's common law rights as to its Kof-K mark and have competed unfairly with Plaintiff under the common law of, inter alia, the State of New Jersey.

42.     Defendant's conduct amounts to deceit. By passing off its goods as being certified as kosher by Kof-K, Defendant's conduct is likely to deceive and confuse the kosher consuming public. This deception is likely to generate profits that, but for said deception, Defendant would not have received.

43.     Defendant's continuing distribution and sale of its offending products, and its refusal to take any meaningful corrective actions with respect to its ongoing infringement, are willful and have caused, and will continue to cause, immediate, substantial and irreparable injury to Plaintiff, which includes irreparable injury to the Kof-K mark, its reputation in the kosher consuming community, and its goodwill. Additionally, Defendant's infringing acts have caused Plaintiff to suffer damages.

44.     Defendant's infringing and deceitful acts have caused and continue to cause substantial and irreparable injury to consumers who unknowingly purchased, and will purchase, Defendant's products, believing those products to be certified by Plaintiff as kosher, when those prodcuts are not so certifed by Plaintiff, resulting in potential violations of those consumers' religious beliefs and/or personal dietary choices, including health ramifications for consumers who seek out kosher foods for health reasons.

**WHEREFORE**, Plaintiff Kosher Supervision Service, Inc., d/b/a Kof-K Kosher Supervision respectfully requests that this Court:

A.    Award damages to Plaintiff against Defendant in an amount to be determined at trial;

B.    Issue an Order permanently enjoining Defendant from any and all unauthorized uses of the Kof-K mark, and further directing Defendant to take immediate corrective actions to remove the offending products from the marketplace, from its website(s), and from all other forms of media, therefore remedying the continuous infringement of the Kof-K mark and preventing further deception of the kosher consuming public;

C.    Order Defendant to provide an accounting to Plaintiff including any and all details regarding production, inventory, distribution, sale, and profits gained from their sale of products bearing the unauthorized Kof-K mark;

D.    Award statutory damages to Plaintiff pursuant to 15 U.S.C. § 1117(c)(1) for Defendant's use of a counterfeit Kof-K mark;

E.    Award to Plaintiff, against Defendant, damages in an amount of three times the amount of Plaintiff's damages or Defendant's profits, whichever one is greater, pursuant to 15 U.S.C. § 1117(b) for Defendant's intentional and knowing use of the Kof-K mark, and/or statutory damages to Kof-K pursuant to 15 U.S.C. § 1117(c)(2) for Defendants' willful use of a counterfeit of the Kof-K mark;

F.    Award exemplary and punitive damages to Plaintiff against Defendant in an amount to be determined at trial;

G.    Declare this case to be an "exceptional" case within the meaning of 15 U.S.C. § 1117(a), and award Plaintiff, against Defendant, costs and attorneys' fees incurred in

connection with this action as authorized under 15 U.S.C. § 1117(a) or under other law;

      H.     Award pre- and post-judgment interest to Plaintiff against Defendant on all sums due

from Defendant;

      I.     Award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests trial by jury on all claims so triable.


Dated: February 6, 2025            Law Offices of Jan Meyer and Associates, P.C.

                                Jordan Gottheim, Esq.
                                Jan Meyer, Esq.
                                1029 Teaneck Road, Second Floor
                                Teaneck, New Jersey 07666
                                jgottheim@janmeyerlaw.com;
                                jmeyer@janmeyerlaw.com
                                (201) 862-9600, x210

                                Counsel for Plaintiff

## VERIFICATION

Rabbi Yehuda Rosenbaum, of full age, hereby certifies and states:

1. I am the Administrative Director of Plaintiff Kosher Supervision Service, Inc., d/b/a Kof-K Kosher Supervision., and as such, I have knowledge of the facts of this matter and am authorized and empowered to make this verification.

2. I have reviewed the Verified Complaint and hereby verify that the statements made therein are true to the best of my knowledge, information and belief, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: February  6  , 2025

Rabbi Yehuda Rosenbaum
Administrative Director
Kosher Supervision Service, Inc.,
d/b/a Kof-K Kosher Supervision